Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 423 | **DATE** | 2/15/2013 |
| **CASE TITLE** | Woodrow Besst (M-29879) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at plaintiff's place of confinement is authorized to deduct $15.30 from plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint within 30 days of the date of this order. The clerk shall send a copy of this order to the trust fund officer at Cook County Jail and shall forward an amended complaint form to plaintiff. If the court receives no amended complaint in accordance with this order, this case will be summarily dismissed. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Woodrow Besst, currently confined at the Cook County Jail, has filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart and an unspecified number of jail officers, superintendents, lieutenants, and sergeants of Division 9. Plaintiff alleges that, in December 2011, after being placed in a cell in Division 9, he noticed that the bunk beds were coming loose and that several bolts were missing. He allegedly told officers at that time about the bunk beds, to which they responded that they knew and that a work order had been sent to the maintenance department. On February 24, 2012, the upper bunk fell on plaintiff while his cellmate was laying on it. Thirty minutes later, officers arrived, opened the cell, and dragged plaintiff on his bed to the medical department, where a nurse allegedly told plaintiff that nothing was wrong with him, but sent him to see a physician at Cermak Health Services. Plaintiff states that he was examined by a doctor on March 6 and 11, 2012. Plaintiff further states that he was placed in segregation based upon a disciplinary charge of destroying property, which he contends was filed to cover up the fact that the bunk beds were not fixed.

The court grants plaintiff's current *in forma pauperis* ("IFP") motion and assesses an initial partial filing fee of $15.30. The trust fund officer at plaintiff's place of incarceration is directed to collect the initial partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this payment obligation, even if he is transferred to another facility.

Although plaintiff may proceed *in forma pauperis*, he cannot proceed with his complaint. As to the one named Defendant, Tom Dart, plaintiff does not indicate that Dart was personally involved with the bunk beds

| STATEMENT |
|---|

not being fixed. There is no respondeat superior liability under § 1983, and a plaintiff must demonstrate that a supervisory official was personally responsible for alleged deprivations. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996).

Dart may be named as a supervisory official in order to identify John or Jane Doe defendants; however, plaintiff does not refer to specific individuals except for one officer whose star number he provides. Otherwise, Plaintiff refers generally to the sergeants, superintendent, and officers of Division 9. Such a broad sweep of unknown officers is too vague to allow the complaint proceed against them. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (a plaintiff must allege sufficient facts "to adequately connect specific defendants to illegal acts").

Additionally, plaintiff has not stated a claim upon which this court can grant relief. Under the federal notice pleading requirement, the allegations of a complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 -77 (7th Cir. 2007), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a federal claim of deliberate indifference to a jail condition, as opposed to a state claim of negligence, plaintiff must state facts indicating both: (1) that he faced an objectively serious risk of injury and (2) that the defendants acted with deliberate indifference to that risk (that they actually knew of the risk but took no reasonable steps to resolve it). *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). According to the complaint, officers in Division 9 stated that a work order had been submitted to maintenance to fix the bunk beds. Such facts indicate only negligence, but not deliberate indifference. *Id*. (negligence is not enough to establish deliberate indifference).

Accordingly, the complaint is dismissed without prejudice to plaintiff submitting an amended complaint that not only indicates specifically which officers or officials plaintiff seeks to sue (even if he must refer to the individual as John or Jane Doe) and that states a claim of deliberate indifference. An amended complaint must state both the case number and the judge's name, include plaintiff's signature, and be submitted to the Prisoner Correspondent. As with every document filed with the court, plaintiff must provide an extra copy for the judge and a service copy for each named defendant. An amended pleading supersedes the original complaint and must stand complete on its own, and the court will refer only to the amended complaint to determine the claims and parties to this case. Any exhibits plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

Plaintiff is given 30 days from the date of this order to submit an amended complaint. If he does not timely comply, the court will summarily dismiss this case.