Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 423 | **DATE** | 4/9/2013 |
| **CASE TITLE** | Woodrow Besst (M-29879) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint [#7]. The clerk shall issue summonses for service of the amended complaint on Cook County Sheriff Tom Dart and Cook County Jail Officer Ostu Jil. Summonses shall not issue for the unidentified officers at this time. Once an attorney enters an appearance for one of the named defendants, plaintiff must conduct discovery to learn the names of the officers who are the subject of his claims. His failure to do so in accordance with this order will result in dismissal of claims against the unidentified officers.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Woodrow Besst, who is currently incarcerated at Stateville Correctional Center, has submitted an amended complaint in accordance with this court's February 15, 2013, order. Plaintiff alleges that, in December 2011, while confined at the Cook County Jail, he notified sergeants and lieutenants in Division 9 that bolts were missing in the bunk bed above his. He identifies one of the officers as Ostu Jil, star #9851. The other officers are referred to as John and Jane Does. Plaintiff also includes Tom Dart as defendant, though he alleges no personal knowledge by Dart about the need to fix the beds in plaintiff's cell. According to plaintiff, on February 24, 2012, the upper bed fell on top of him; officers arrived at his cell thirty minutes later; he was taken to the health care unit, where a nurse told him that nothing was wrong with him. He continued to complain of pain and, ultimately, received medication. Plaintiff states that he was placed in segregation based upon a charge of destruction of property, which he states was issued to cover up officers not fixing the bed.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The above-stated allegations state colorable claims against Division 9 Officer Ostu Jil and the unknown officers. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). As to Tom Dart, plaintiff does not indicate that Dart had knowledge of plaintiff's bunk bed condition to support a claim against Dart in his individual capacity. However, plaintiff states that he seeks to sue Dart in both his individual and official capacities and further states that Dart is the final policymaker for jail conditions. Plaintiff may be able to establish an unconstitutional policy or custom with the manner repairs to unsafe jail conditions were made. Accordingly, the amended complaint may proceed against Dart in his official capacity, but the individual capacity claim against him is dismissed. *See Moore v. County of Cook*, No. 97 C 3387, 1997 WL 695732, *3 (N.D.Ill. Nov. 3, 1997) (Gettleman, J.), citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978). Additionally, Dart may assist with the identification and service of other defendants. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

The clerk shall issue summons for service of the complaint on Cook County Sheriff Tom Dart and Cook County Jail Officer Ostu Jil (star #9851). The United States Marshals Service is appointed these defendants. Any

| STATEMENT |
|---|

service forms necessary for plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to plaintiff. Plaintiff's failure to return forms to the Marshal may result in the dismissal of defendants. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employee no longer at the work address provided by plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Summonses cannot issue for unknown officers until their identities are known. Once an attorney enters an appearance for one of the named defendants, plaintiff may forward discovery (written questions) seeking the identities of the officers. Plaintiff's failure to conduct discovery within 90 days of the date an attorney enters an appearance may result in the dismissal of the unknown officers for want of prosecution. Plaintiff is further advised that there is a two-year limitations period for claims of excessive force in Illinois and that failure to identify the officers during the limitations period may also result in dismissal of claims against the unknown officers as time-barred. *See Gonzalez v. Entress*, 133 F.3d 551, 552 (7th Cir. 1998).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any filing to defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.